By the Court,
Cowen, J.
The copias was delivered within the six years- with intent that it should be served before the next regular return day ; but with instructions to keep it a secret till after the six years had expired, which was done by the sheriff. The question is, whether this was a good commencement of the suit within the meaning of the 2 R. S. 227, 2d ed. § 38. That section declares that a suit shall not be deemed to have been so commenced as to avoid the statute of limitations, unless, 1. The process was duly served ; or 2. Unless it was issued within time to the proper county, &c. in good faith, and with intent to be actually served, &c. Section thirty-nine declares that, to an allegation that the suit was comménced in time, the defendant may answer on the trial by proving that the process was not issued with the intent, or in the manner required by law, or that any means whatever were used by the plaintiff or his attorney to prevent the service, or keep the defendant in ignorance of the issuing of the copias. Section forty declares, that upon any such matter being established, or upon its appearing in any other way that the process was’issued without any intent that it should be served, such process shall not be deemed the commencement of a suit.
*119 In this case, the copias was issued within time, with intent to be served; and it was served and returned accordingly. This satisfies the first subdivision of the statute in its very words; and is enough for the plaintiffs, unless the qualifications in the 39th and 40th sections apply to such a case. These, in effect, are, that on any allegation of the plaintiff that he commenced a suit in season, it shall be a good defence that he or his attorney used any means whatever to prevent the service, or keep the defendant in ignorance that the copias had issued. The provision in terms covers every mode of commencing a suit, whether under the first or second subdivision.
It may be too severe, should we hold that instructions to delay service for any time short of the return day, shall be considered as using means to prevent service, when, as here, it was intended that it should be served before the return day; but the act goes to, any means for keeping the defendant in ignorance that it issued. This branch of the act would seem at least to require that means should not be used to keep back the service of the writ at all. A literal construction would go further, and require that no means of concealment should be used, even by way of stratagem, to insure an arrest. This would be a very absurd construction. But the clause may, and I think it does mean that no concealment shall be practised with a view to delay; but the sheriff shall be left to his own head, and so lie under the duty of disclosing the fact by actual service as soon as he can, consistently with his other avocations. In short, though the process be placed in his hands within time, yet, if by the procurement of the plaintiff or his attorney, the fact be kept concealed till after the six years have expired, the suit cannot he deemed to have been so commenced as to take the claim out of the statute. That is the case at bar.
My opinion is, therefore, that the motion to set aside the non-suit and for a new trial be denied.